UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| AOS LLC, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | )   Case No. 14-CV-3109 |
| | ) |
| SCOTT HRUBY, et al., | ) |
| | ) |
|        Defendants. | ) |

## OPINION

Plaintiff, AOS LLC, filed its Complaint (#1) against Defendant Scott Hruby on April 10, 2014. A Second Amended Complaint (#15) was filed on May 5, 2014 and added Defendant Secure Data Technologies Inc. (Secure Data). Plaintiff alleged a breach of contract against Defendant Hruby, two counts of tortious interference against Defendant Secure Data, and civil conspiracy against both Defendants. On May 16, 2014, Defendant Hruby filed a Motion to Dismiss (#19). Plaintiff filed its Response (#28) on June 2, 2014. Defendant Secure Data filed its own Motion to Dismiss (#32) on June 19, 2014. Plaintiff's Response (#35) was filed on June 25, 2014. This court has carefully reviewed the documents submitted by the parties as well as the arguments advanced in their pleadings. After its review, this court finds that Defendants' Motions to Dismiss (#19) and (#32) should be GRANTED.

BACKGROUND

Defendant Hruby worked for Plaintiff as a Design Architect and Account Manager. During his employment, Hruby worked out of Plaintiff's Fenton, Missouri office. While employed by Plaintiff, Hruby worked throughout central and southern Illinois.

Plaintiff and Hruby entered into an Employment Agreement on August 30, 2011. The agreement contained a broad non-compete clause. The agreement also contained a forum-selection clause, providing:

> "In the event of litigation between the parties concerning this Agreement, or otherwise pertaining to the employment, acts or omissions of Employee, such litigation shall be filed in the District Court of Johnson County, Kansas, and Employee irrevocably consents to the jurisdiction of the Court over Employee's person and over the subject matter of such litigation."

On October 4, 2013, Hruby terminated his employment with Plaintiff and took a job as a Consulting Systems Engineer with Defendant Secure Data. Secure Data, which is located in Illinois, is an IT solutions provider conducting work similar to that of Plaintiff.

On April 10, 2014, Plaintiff filed its Complaint (#1) against Hruby in this court, arguing that Hruby had violated the non-compete clause in the Employment Agreement by taking the job with Secure Data. Specifically, Plaintiff alleged that Hruby's new position included his solicitation of Plaintiff's customers, and that Hruby

2

was using Plaintiff's information in his solicitations. Plaintiff filed a Second Amended Complaint (#15) on May 5, 2014, adding Secure Data as a defendant. The complaint contained one count of breach of contract against Hruby, two counts of tortious interference against Secure Data, and one count of civil conspiracy against both defendants.

MOTIONS TO DISMISS

Defendant Hruby filed a Motion to Dismiss (#19) on May 16, 2014. Hruby argued that the Second Amended Complaint should be dismissed as it pertains to him for *forum non convenience*. Hruby's argument was based on the fact that the Employment Agreement between Plaintiff and himself contained a valid forum-selection clause dictating that the litigation be brought in the District Court of Johnson County, Kansas.

Plaintiff filed its Response (#28) on June 2, 2014. Plaintiff did not dispute the fact that the Employment Agreement contained a valid forum-selection clause. However, Plaintiff argued that the inclusion of Secure Data as a defendant made this an unusual case warranting the defeat of the forum-selection clause. Specifically, Plaintiff argued that the claims against both defendants should not be severed and, based on the facts of the case, Illinois was a more appropriate forum than the District Court in Kansas.

Defendant Secure Data filed its own Motion to Dismiss (#32) on June 19, 2014. Secure Data argued that all of the claims in Plaintiff's Second Amended Complaint derive from the underlying non-compete claim against Defendant Hruby. Therefore,

3

according to the forum-selection clause in the Employment Agreement, the claims must be litigated in Kansas. Secure Data stated that it has consented to litigate this action in Kansas, so any argument by Plaintiff that the Kansas court would not have jurisdiction over Secure Data should be considered moot.

Plaintiff's Response (#35), which was filed on June 25, 2014, restated many of the same arguments found in its Response (#28) to Defendant Hruby's Motion to Dismiss. Plaintiff argued that the applicable *forum non conveniens* factors weigh strongly in favor of action in this forum and against dismissal in favor of the Kansas court. Again, Plaintiff stated that the claims should not be severed and that the facts demonstrated that this court was the most appropriate forum despite the presence of a valid forum-selection clause in the Employment Agreement between Defendant Hruby and Plaintiff.

ANALYSIS

Both Motions to Dismiss argue that dismissal is appropriate based on the forum-selection clause found in the Employment Agreement between Plaintiff and Defendant Hruby. The Supreme Court recently held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 134 S.Ct. 568, 580 (2013). In a typical case involving a motion to dismiss for *forum non conveniens*, the court must evaluate both the convenience of the parties and various public-interest considerations. *Atlantic Marine*, 134 S.Ct. at 581. However, the calculus changes when the parties' contract contains a valid forum-selection clause, which

4

"represents the parties' agreement as to the most proper forum." *Atlantic Marine*, 134 S.Ct. At 581, quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The Supreme Court has held that a valid forum-selection clause should be given controlling weight in all but the most exceptional cases. *Steward Organization, Inc.*, 487 U.S. at 33.

When a valid forum-selection clause exists, a district court's analysis of dismissal for *forum non conveniens* changes in two ways. *Atlantic Marine*, 134 S.Ct. at 581-82 (a third adjustment, not relevant in this case, exists for §1404(a) motions). First, the plaintiff's choice of forum merits no weight. *Id.* at 581. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that dismissal in favor of the forum for which the parties bargained for is unwarranted. *Id.* Second, arguments about the parties' private interest should not be considered by the court. *Id.* At 582. Instead, the court must deem that the private-interest factors weigh entirely in favor of the preselected forum. *Id.* As a consequence, a district court may consider arguments about public-interest factors only. *Id.* However, because those factors will rarely defeat a motion to dismiss, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Therefore, although it is conceivable that a district court would refuse to dismiss a case notwithstanding the counterweight of a forum-selection clause, such cases are not common. *Id.*

In this case, Plaintiff attempts to argue that the facts make this an unusual case. Specifically, Plaintiff points to the presence of Secure Data as a defendant. Plaintiff argues that Secure Data was not a party to the Employment Agreement, so it is not

5

bound by the forum-selection clause. Plaintiff further argues that it may not be able to bring the case against Secure Data in Kansas and, therefore, this court is a more appropriate forum. Secure Data responded by arguing that it has already consented to litigate the case in Kansas and that the forum-selection clause should also dictate that the claims brought against it be heard in the Kansas district court.

Despite the fact that Secure Data was not a party to the Employment Agreement, there is precedent stating that it can enforce the forum-selection clause against Plaintiff. "A number of cases say that the test for whether a nonparty to a contract containing such a clause can nonetheless enforce it (and whether the nonparty will be bound by the clause if, instead of suing, it is sued) is whether the nonparty is 'closely related' to the suit." *Adams v. Raintree Vacation Exchange*, LLC, 702 F.3d 436, 439 (7th Cir. 2012).

After a careful and thorough review of the facts and claims involved in this case, this court concludes that the claims against Defendant Secure Data are "closely related" to the claims against Defendant Hruby. All of the claims arise from the underlying claim that Hruby violated the non-compete clause in the Employment Agreement. Therefore, based on the precedent cited in *Adams*, this court concludes that Defendant Secure Data is in a position to enforce the forum-selection clause against Plaintiff. See *Adams*, 702 F.3d at 439.[1]

---

[1] This court notes that the close relation of the claims also means that Secure Data may be bound by the forum-selection clause. See *Adams*, 702 F.3d at 439. However, because Secure Data is attempting to enforce the clause and because it has already consented to litigate the case in Kansas, a finding of whether Secure Data would be bound by the forum-selection clause if it challenged the Kansas court's jurisdiction is not necessary.

Based on that finding, the only question remaining is whether Plaintiff has met its burden of establishing that transfer to the forum for which the parties bargained for is unwarranted. See *Atlantic Marine*, 134 S.Ct. at 581. After a review of the arguments made by Plaintiff in both Responses (#28) and (#35) to Defendants' Motions to Dismiss, this court concludes that Plaintiff has not meet its burden. Plaintiff has failed to establish any reason why this case is so unusual that this court should depart from the general rule that, but for exceptional cases, the forum-selection clause should control. See *Steward Organization, Inc.*, 487 U.S. at 33. Therefore, because a valid forum-selection clause exists which dictates that the case should be brought in a Kansas District Court, and because the case does not present exceptional circumstances, this court finds that dismissal for *forum non conveniens* is appropriate. Defendants' Motions to Dismiss (#19) and (#32) are GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motions to Dismiss (#19) and (#32) are GRANTED.

(2) This case is terminated.

ENTERED this 28th day of July, 2014

s/Colin S. Bruce
_____
COLIN S. BRUCE
U.S. DISTRICT JUDGE